IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| SHERRY FLOR, as personal representative of the Estate of Richard Giles Flor, | CV 15-47-BLG-SPW |
| Plaintiff, | ORDER |
| vs. | |
| CORRECTIONS CORPORATION OF AMERICA, SHELBY PRISON, | |
| Defendants. | |

## I.   Introduction

Plaintiff Sherry Flor, ("Flor") as personal representative of the Estate of

Richard Giles Flor, filed this action against Defendants Corrections Corporation of

America and Shelby Prison ("CCA") alleging that CCA was negligent when

Richard Flor was a federal inmate at Crossroads Correctional Center, in Shelby,

Montana. (*See gen.* Doc. 3). CCA has moved for summary judgment on

Plaintiff's claims. (Doc. 16). On September 28, 2016, Magistrate Judge Carolyn

Ostby issued her Findings and Recommendation recommending that this Court

grant CCA's motion. (Doc. 28). Flor filed timely Objections to Judge Ostby's

Findings and Recommendation on October 12, 2016. (Doc. 29).

1

When a party timely objects to any portion of the magistrate judge's Findings and Recommendation, the district court must conduct a de novo review of the portions of the Findings and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). The district court is not required to review the factual and legal conclusions of the magistrate judge to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## II.   Discussion

Flor asserts that Judge Ostby's determination is based on a "mistaken view" of the claim that Flor asserts in this action, and thus Judge Ostby's determination is "without logic or authority." (Doc. 29 at 4-5). Flor made the same argument in response to CCA's motion for summary judgment, (*see gen.* Doc. 22 at 8-11), which Judge Ostby addressed and rejected. After reviewing the briefs and evidence before the Court, this Court agrees with Judge Ostby. Flor's argument that summary judgment is not appropriate because her claim is a "negligence claim" and not a "medical malpractice claim" argues a distinction without a difference, and summary judgment on her claim is appropriate.

As Judge Ostby noted, Flor's "negligence" claim rests entirely on medical findings and determinations. Flor's detention facility expert, Dennis R. McCave's

2

testimony, underscores this point. McCave testified that as a detention facility administrator, he "assum[es] the responsibility to care for [inmates] and to keep them in custody so they don't run around the streets." (Doc. 19-11 at 77:17-25; 78:1-5). In her Complaint, Flor alleges that Shelby facility staff "refused and failed to get any proper medical care or take care" of Richard Flor. (Doc. 3 at ¶ 11). But, with respect to inmate medical care, McCave testified that the medical professionals make the decisions because administrators, like McCave, lack the qualifications. (Doc. 19-11 at 26-27, 32:1-13; 57:12-14; 88:16-19). McCave also testified that the medical staff decides whether a facility can provide an inmate with adequate medical care. (Doc.19-11 at 56:15-20).

Flor also alleges in her Complaint that "the Shelby facility "refused to treat [Richard Flor's] necessary medical issues and instead left him to suffer without care[.]" (Doc. 3 at ¶ 11). McCave testified, however, that the medical staff makes the determination whether and when medical care is appropriate. (Doc. 19-11 at 57:15). Flor's Complaint alleges that "the defendant refused to treat [] necessary medical issues and instead left him to suffer without care." (Doc. 3 at ¶ 12). But McCave testified that the detention facility's medical department, not administration, would establish a care plan to address an inmate's needs. (Doc. 19-11 at 84:23-24).

In other words, Flor's Complaint raises medical negligence issues. Which is presumably why McCave responded that he "didn't know" what CCA could have done to change the outcome in Richard Flor's case. (*Id.* at 90:22-25; 91:106). As McCave said, as an administrator, he is not qualified to make the inmate medical care decisions. (*Id.* at 26-27, 32:1-13; 57:12-14; 88:16-19).

Here, the negligence Flor alleges in her Complaint is, at base, negligent medical care. (*See gen.* Doc. 3). As such, Flor "must generally produce expert medical testimony establishing the applicable standard of care and a subsequent departure from that standard." *Beehler v. Eastern Radiological Associates, P.C.*, 289 P.3d 131, 136 (Mont. 2012). While an exception exists to this rule, when the conduct complained of is readily ascertainable by a layperson, that exception does not apply here. As McCave essentially spelled out in his testimony, the applicable standard of care for medical conditions, care, and treatment at a detention facility – are not issues readily ascertainable by laypersons. *See also Ely v. United States*, 2013 WL 5571209, *4 (D. Mont. Oct. 9, 2013) (what treatment may be appropriate for a particular medical condition – i.e. whether surgery, pain relief, or some other treatment is indicated – is the quintessential question for which expert witness testimony is required in a medical malpractice action.)

Flor has failed to present any evidence establishing a genuine issue of material fact concerning the appropriate standard of care for the care and treatment

4

of an inmate like Richard Flor. Also, without medical expert testimony, Flor cannot prove causation in her case, e.g. that CCA's actions resulted in Richard Flor's death. A failure to produce this evidence warrants summary judgment on her claim. See Beehler, 289 P.3d at 136.

## III. Conclusion

For the reasons set forth above, IT IS ORDERED that the proposed Findings and Recommendations for disposition of this matter entered by United States Magistrate Judge Ostby (Doc. 28) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that CCA's motion (Doc. 16) is GRANTED. The Clerk of Court shall enter judgment in favor of CCA and close this case.

DATED this 4th day of November, 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge